UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60255-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

HENRY McFLICKER
and
AYODHA PERSAUD,
    a/k/a Joe Persaud,

    Defendants.
_____/

## FACTUAL PROFFER

Had the United States proceeded to trial, the government would have proven beyond a reasonable doubt that beginning in or around September 2006 and continuing until on or about June 2008, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants, HENRY McFLICKER and AYODHA PERSAUD, a/k/a Joe Persaud, did knowingly and willfully, combine, conspire, confederate, and agree with each other and with others known and unknown to the government, to commit an offense against the United States, that is, to knowingly and with intent to defraud, make a materially fraudulent representation concerning an aircraft part, affecting interstate commerce, in violation of Title 18, United States Code, Section 38.

In the instant case, on January 28, 1994, "Daytona Aerospace, Inc." was incorporated in the State of Florida, and operated as a Broward County, Florida based airplane parts broker, having been founded by HENRY McFLICKER. A few years later, AYODHA PERSAUD a/k/a Joe Persaud, was listed as a corporate officer and thereafter obtained an ownership interest in

"Daytona Aerospace, Inc." The U.S. Government Central Contractor Registry records reflect that "Daytona Aerospace, Inc." was listed as a certified U.S. Department of Defense contractor with an assigned cage code number of 1NWK5. As an aviation parts broker, "Daytona Aerospace, Inc." could buy, sell, or trade aircraft parts between commercial airlines, private aircraft, other brokers, and the U.S. Department of Defense. Between 2001 and the present, the U.S. Department of Defense awarded "Daytona Aerospace, Inc." in excess of $8.5 million dollars worth of contracts for the provision of various aircraft parts. These contracts all required "Daytona Aerospace, Inc." to provide approved parts to the U.S. Air Force.

As a broker, "Daytona Aerospace, Inc." was an approved supplier of aircraft and other transportation equipment parts to the U.S. Department of Defense for use in several aviation and critical weapon systems applications. According to Federal Acquisition Regulation, Section 52.246-15, parts delivered to the U.S. Department of Defense must be accompanied by a "Certificate of Conformance," also commonly known as a "Parts or Material Certification Form" or an "ATA 106," which verifies the status of the part, such as the manufacturer, part number, condition, and the original government contract number for which the part was purchased. In the year 2001, the exact date being unknown to the Government, HENRY McFLICKER, with the assistance of AYODHA PERSAUD, directed "Daytona Aerospace, Inc." employee Hector Sorvik to ~~create~~ utilize a traceability documentation spreadsheet that was created utilizing a Microsoft Excel based spreadsheet program which was later entitled "trace for all." This spreadsheet application was thereafter utilized to generate fraudulent inventory lists, certification forms, and letters bearing various airlines corporate logos, that in turn were enclosed and attached to shipments containing purportedly conforming aircraft parts in an attempt to further legitimize and hide either the supplied parts true condition or origin of manufacture.

Specifically, it was the object of the conspiracy that the defendants, HENRY McFLICKER and AYODHA PERSAUD, would unjustly enrich themselves by fraudulently misrepresenting the condition and origin of aircraft parts that they were supplying to the U.S. Air Force as well as the commercial and military aviation communities, and in order to accomplish the object of their conspiracy, Defendants HENRY McFLICKER and AYODHA PERSAUD, as representatives of "Daytona Aerospace, Inc.," and other companies associated with and operating out of the same location as "Daytona Aerospace, Inc.," would respond to numerous bids advertised by the U.S. Air Force and Navy for the supply of various aircraft parts, usually for the KC-135 or E-3 military aircraft. Additionally, as a broker, they were a supplier of aviation parts to the commercial aviation community, and would supply parts to purchasers when called upon to fulfill a requested order.

Once either an order was received or a contract was awarded for the provision of the requisite aircraft parts, Defendants HENRY McFLICKER and AYODHA PERSAUD would have the parts manufactured by various unauthorized local fabricators, both known and unknown to the Government, despite the fact that the orders and contracts called for the supply of "new surplus" parts that required manufacture by "The Boeing Company" and were purportedly already located within "Daytona Aerospace, Inc." inventory. Thereafter, once the parts had been fabricated, Defendants HENRY McFLICKER, AYODHA PERSAUD, or other employees under their control and acting at their direction, would complete a "Certificate of Conformance," also commonly known as a "Parts or Material Certification Form" or an "ATA 106" as well as other paperwork, such as packing slips and invoices, which all misrepresented either the supplied parts condition or true origin of manufacture.

Additionally, fraudulent traceability documentation was created utilizing a Microsoft Excel based spreadsheet program entitled "trace for all," which generated fraudulent inventory

lists, certification forms, and letters bearing various airlines' corporate logos, that in turn was enclosed and attached to shipments containing purportedly conforming aircraft parts in an attempt to further legitimize and hide either the supplied parts true condition or origin of manufacture. The completed fraudulent paperwork, including the ATA 106 and other traceability documentation was then forwarded, along with the counterfeit parts, by Defendants HENRY McFLICKER and AYODHA PERSAUD, or other employees under their control and acting at their direction, to the purchaser of a requested part, including the U.S. Air Force and others within the commercial and military aviation industry, in an attempt to satisfy and fulfill the requirements of the awarded contracts and purchase orders.

For example, on March 13, 2007, Dow Aerospace placed an order with "Daytona Aerospace, Inc." for the purchase of one "Tab Assembly," bearing part number 9-64026-3026, in "New Surplus Condition, OEM Trace to Boeing," via purchase order number 52113. The total contract cost was $20,000. That same day, "Daytona Aerospace Inc." placed "Repair Order 632" with Zerene Aerospace Industries for the alleged repair of one "Tab Assembly," bearing part number 9-64026-3026. The total cost was listed as $2,400. On March 16, 2007, Zerene Aerospace Industries shipped one "Tab Assembly," bearing part number 9-64026-3026, to "Daytona Aerospace Inc." On or about March 20, 2007, in support of this shipment, AYODHA PERSAUD completed "Invoice 22926" which fraudulently identified the "Tab Assembly," bearing part number 9-64026-3026, as being "New Surplus" or "NS." AYODHA PERSAUD further completed a "Parts or Material Certification Form (ATA 106)" wherein he certified that the "Tab Assembly," bearing part number 9-64026-3026, was "New Surplus" or "NS," and had been obtained from "Canadian Gov't via Lancaster." Finally, on or about March 20, 2007, in further support of this shipment, AYODHA PERSAUD enclosed a counterfeit cover letter from

"Lancaster Aviation, Inc." as well as a counterfeit "Canadian" packing list that identified part number 9-64026-3026 as having originated from "Canadian."

Moreover, on October 22, 2007, based on bids provided by Defendant HENRY McFLICKER, the U.S. Air Force awarded contract number FA8112-08-M-A101 to "Daytona Aerospace, Inc.," for the provision of six different types of aircraft parts to be utilized on the E3 AWACS and KC-135 aircraft, including eight "Structural Panels," identified as part number 65-28205-2 and two "Plates," identified as part number 69-63409-1. The eight panels and two plates were purchased by the U.S. Air Force from "Daytona Aerospace, Inc.," for a total of $62,258.00. This contract required that these parts be "New/Unused Commercial Surplus" and further mandated that they must have been manufactured by "The Boeing Company." Thereafter, on October 22, 2007, Defendant AYODHA PERSAUD, using the name "Joe PERSAUD" ordered the new manufacture and fabrication of eight "Panels," identified as part number 65-28205-2, from Zerene Aerospace Industries, via "repair order 357," for $3,600.00 each.

On October 23, 2007, Defendant AYODHA PERSAUD, using the name "Joe PERSAUD" ordered the new manufacture and fabrication of two "Plates," identified as part number 69-63409-1, from Zerene Aerospace Industries, via "repair order 358," for $430.00 each. On or about November 2, 2007, in support of this shipment, employee Kudus Amodu completed "Invoice 24002" which fraudulently identified these eight "Structural Panels," identified as part number 65-28205-2 and two "Plates," identified as part number 69-63409-1, as being "New Surplus" or "NS." Employee Kudus Amodu, at the direction of HENRY McFLICKER and/or AYODHA PERSAUD further completed a "Parts or Material Certification Form (ATA 106)" wherein he certified that the "Plate" bearing part number 69-63409-1, was "New Surplus" or "NS," and had been obtained from "FAA 121." Thereafter, on November 5, 2007 and November 7, 2007 after receiving the newly fraudulently manufactured and fabricated parts from

Zerene Aerospace Industries, Defendants HENRY McFLICKER and AYODHA PERSAUD caused to be shipped via FedEx, the eight "Structural Panels," identified as part number 65-28205-2 and two "Plates," identified as part number 69-63409-1, to Tinker Air Force Base located in Oklahoma City, Oklahoma.

The above conduct occurred in Miami-Dade and Broward Counties, within the Southern District of Florida, and the parties further agree that the relevant amount of actual, probable, or intended loss under Section 2B1.1 of the Sentencing Guidelines resulting from the offense committed in this case and all relevant conduct is more than $400,000 but less than $1,000,000.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 1/26/12       By: _____
                         MARC S. ANTON
                         ASSISTANT U. S. ATTORNEY

Date: 1/26/12       By: _____
                         MARK NURIK, ESQ.
                         ATTORNEY FOR DEFENDANT McFLICKER

Date: 1/26/12       By: _____
                         HENRY McFLICKER
                         DEFENDANT

Date: 1/26/12       By: _____
                         BRUCE UDOLF, ESQ.
                         ATTORNEY FOR DEFENDANT PERSAUD

Date: 1/26/12       By: _____
                         JOE PERSAUD
                         DEFENDANT