UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60255-CR-WILLIAMS

UNITED STATES OF AMERICA,

vs.

HENRY MCFLICKER,

        Defendant,
_____/

PLEA AGREEMENT

The United States of America and HENRY MCFLICKER (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Information, which charges the Defendant with Conspiracy to Commit Fraud involving Aircraft Parts, in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range

1

that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make these

recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to both the U.S. Attorney's Office and the U.S. Probation Office of the circumstances surrounding the relevant offense conduct, either pre or post Indictment or Information; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

   a. **Base Offense Level**: Pursuant to 2B1.1(a)(2), the base offense level is a level 6.

   b. **Loss**: The relevant amount of actual, probable or intended loss under Section 2B1.1 of the Sentencing Guidelines resulting from the offense committed in this case and all relevant conduct is **more than $400,000 but less than $1,000,000**. Thus, a 14 level *increase* in the offense level pursuant to Section 2B1.1(b)(1)(H) is warranted.

   c. **Reckless Risk of Serious Bodily Injury**: Because the offense involved the conscious or reckless risk of death or serious bodily injury, a 2 level *increase* in the offense level is warranted pursuant to Section 2B1.1(b)(13)(A).

    d. **Sophisticated Means**:   Because the offense involved sophisticated means, a 2 level *increase* in the offense level is warranted pursuant to Section 2B1.1(b)(9)(C).

    e. **Role in the Offense:**   Because the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive, a 3 level *increase* in the offense level pursuant to Section 3B1.1(b) is warranted.

    f. **Supervised Release**:   During the Defendant's period of Supervised Release, the parties agree to recommend that the Defendant shall be prohibited from working for or within the aviation industry, in any capacity, unless specifically authorized by the Court.

    g. **Total Offense Level**:   The parties anticipate that the total offense level, prior to any credit for acceptance of responsibility is an offense level 27.   With credit for acceptance of responsibility, the parties anticipate that the total offense level is an offense level 24.

5.    The defendant agrees that he shall cooperate fully with this Office by:

(a)    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding;

(b)    appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and

(c)    if requested by this Office, working in an undercover role to contact and negotiate with sources of aircraft parts fraud, as well as others suspected and believed to

be involved in criminal misconduct, under the supervision of, and in compliance with, law enforcement officers and agents.

6. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

7. The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in paragraph 6 of this agreement should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

8. The defendant also understands and acknowledges that as to count one (1) of the Information, the court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000. Additionally, the court shall order restitution.

9. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of one hundred dollars ($100) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

10. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the

court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant further agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 38(d), voluntarily and immediately all of his right, title and interest to the following property as set forth and identified in the forfeiture allegations of the Information filed in this matter:

1) **$1,000,000 in United States currency, joint and several with Joe Persaud.**

14. This property represents proceeds obtained, directly or indirectly, by the defendant and/or property used, or intended to be used by the defendant, in any manner or part, to commit or facilitate the commission of the violations of Count One of the Information.

15. The defendant further agrees to waive any constitutional challenges to the forfeiture, including any challenges under the Eighth Amendment to the United States Constitution, and the Defendant further agrees and understands that forfeiture of the above sum of monies and/or property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

16. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. However, the Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration

8

Case 0:11-cr-60255-KMW   Document 38   Entered on FLSD Docket 01/26/2012   Page 9 of 9

consequences that his plea may entail, even if the consequence is his removal from the United States.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5/26/11            By: _____
                              MARC S. ANTON
                              ASSISTANT U. S. ATTORNEY

Date: 5/26/11            By: _____
                              MARK NURIK, ESQ.
                              ATTORNEY FOR DEFENDANT

Date: 5/26/11            By: _____
                              HENRY MCFLICKER
                              DEFENDANT