UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60255-CR-WILLIAMS

UNITED STATES OF AMERICA,

vs.

HENRY MCFLICKER,

                Defendant.
_____/

## RESPONSE TO DEFENDANT'S OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney, and files this response to the Defendant's Objections to the Presentence Investigative Report, and in support states as follows:

On January 26, 2012, the Defendant entered a guilty plea to the sole count of a one count information, charging him with Conspiracy to Commit Aircraft Parts Fraud in violation of 18 U.S.C. 371. Thereafter, the Court sent sentencing for April 5, 2012 and ordered a Pre-Sentence Investigation Report (PSI). In the instant case, the defendant objects to the PSR based on the Probation Officer's role enhancement and assessment, as well as the loss amount and its associated restitution computation. For the reasons set forth below, the Government agrees that the loss amount should be calculated at more than $400,000 but less than $1,000,000 and agrees that the Defendant should only receive a 3 level enhancement for his managerial role. Restitution, however, should be properly calculated at $1,454,232.00.

1

I. **Loss Amount under 2B1.1(b)(1)**

The defendant objects to the loss amount as determined by the U.S. Probation officer wherein they determined that the loss amount was $1,427,725.38, thus necessitating a 16 level enhancement in the base offense level pursuant to 2B1.1(b)(1)(I). The United States agrees that the loss amount was incorrectly calculated, and contents that the proper loss amount is $928,557.50 as originally contemplated by the parties. Thus, the United States is only seeking a 14 level enhancement in the base offense level pursuant to 2B1.1(b)(1)(H) as the loss amount is more than $400,000 but less than $1,000,000.

However, the United States contends that the restitution amount should be set at $1,454,232.00 as this figure represents the total sales price that the U.S. Air Force paid on the contracts fraudulently fulfilled by Defendant's McFlicker and Persaud. While the Defendant's were given the benefit of only being held responsible for the $928,557.50 loss amount representing the price Daytona paid Zerene for the fraudulent parts, nonetheless, restitution should be calculated at the higher $1,454,232.00 figure as that is a conservative estimate of the out of pocket loss of the U.S. Government.

II. **Role Enhancement under 3B1.1(a)**

The defendant also objects to the role enhancement as determined by the U.S. Probation officer wherein they determined that the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, thus necessitating a 4 level enhancement in the base offense level pursuant to 3B1.1(a). The United States agrees that the defendant should only receive a 3 level enhancement as a manager/supervisor, as originally contemplated by the parties. Thus, the United States is only seeking a 3 level enhancement in the base offense level pursuant to 3B1.1(b).

Application note 4 to U.S.S.G. § 3B1.1 is instructive on making such determinations; it lists factors the court should consider, including: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."  Moreover, the central concern of § 3B1.1 is relative responsibility, and "control over others is not the sine qua non of a finding that a person is a manager or supervisor. U.S. v. Dillard, 43 F.3d 299, 306-307 (7th Cir. 1994) citing U.S. v. Young, 34 F.3d 500, 508 (7th Cir. 1994).  For a defendant to qualify for the enhancement for managerial role, it may be enough that the defendant "orchestrated" or simply "coordinated" the activities of others.  Id. at 307 citing U.S. v. Vargas, 16 F.3d 155, 160 (7th Cir. 1994).  In the instant case, as the defendant himself admits, he clearly qualifies as a manager/supervisor, and a 3 level enhancement is appropriate under the circumstances.  The United States is not seeking any further enhancement as an organizer or leader.

**WHEREFORE**, the United States respectfully requests that this Honorable Court sustain the objection's regarding the loss amount and the Aggravating Role.

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

By: /s/ Marc S. Anton
     MARC S. ANTON
     Assistant U.S. Attorney
     Florida Bar No. 0148369
     500 E. Broward Blvd., Suite 700
     Fort Lauderdale, FL 33394
     Tel: (954) 660-5668
     Fax: (954) 356-7336

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Marc S. Anton_____
Assistant U.S. Attorney